# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

    v.

GIOVANNI LAVORATO, et al.,

    Defendants.

Civ. No. 12-5867 (KSH)(PS)

## **<u>ORDER</u>**

This matter having come before the Court by way of motion for the entry of default judgment; and the docket reflecting that service has been effectuated upon both defendants (D.E. 5) but neither filed a response to the Complaint within the deadline set forth in Fed. R. Civ. P. 12; and the plaintiff having sought and obtained a clerk's entry of default (D.E. 6, 7); and the Court having entered an Order directing the plaintiff to file a motion for default judgment or risk dismissal of the case (D.E. 8); and the plaintiff having filed a motion for default judgment in accordance with the Order on November 16, 2012 (D.E. 9); and by way of letter dated December 5, 2012, but filed December 12, 2012, defendant Lavorato, proceeding *pro se*, denied having engaged in the activity alleged in the Complaint (D.E. 10); and the Court liberally construing this *pro se* pleading, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Prather v. Att'y Gen. of United States,* 443 F. App'x 766, 767 (3d Cir. 2011), further deems the letter a response from defendant Lavorato to the motion for default judgment; and the Court being mindful of the Third Circuit's preference that cases be resolved on their merits, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); and there being nothing before the Court to show that the plaintiff would be prejudiced by denying the motion, vacating the entry of default, and allowing the individual defendant to proceed with his defense; and the Court being further mindful that default judgment

1

should not be entered when a defendant offers a plausible meritorious defenses if proven, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); and the Court therefore denying the motion for default judgment against defendant Lavorato; and the Court noting that defendant Amici III, Inc. is a corporate entity and no counsel has entered an appearance to represent it; and a corporation not being permitted to proceed *pro se* or by a representative or agent of the corporation but rather must be represented by counsel, *see Am. Corp. Soc. v. Valley Forge Ins. Co.*, 424 F. App'x 86, 87 n.1 (3d Cir. 2011); *United States ex rel. Cherry Hill Convalescence Ctr. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 253 (D.N.J. 1997) (Kugler, J.) (citing *Simbraw Inc. v. United States*, 367 F.2d 373, 373-75 (3d Cir. 1966)); and the Court notifying defendant Lavorato, who has identified himself as the owner of Amici III, that it cannot proceed unless it has an attorney who is licensed to practice before the Court enter an appearance on its behalf; and the Court determining that defendant Lavarato should be provided an opportunity to seek counsel for Amici III before default judgment is entered; and the Court therefore denying the motion for default judgment against defendant Amici III without prejudice if it does not have counsel enter an appearance on its behalf;

IT IS on this 3rd day of January, 2013, hereby

ORDERED that the motion for default judgment as to defendant Lavorato [D.E. 9] is denied, the clerk's entry of default as to defendant Lavorato is vacated, and his December 5, 2012 letter shall be deemed his Answer to the Complaint and the Clerk shall enter his contact information on the docket; and it is further

**ORDERED** that the motion for default judgment as to Amici III is denied without prejudice and may be renewed if defendant Amici III does not have counsel enter an appearance on its behalf by the date for the Final Pretrial Conference; and it is further

**ORDERED** that there shall be a Rule 16 conference before the United States Magistrate Judge Patty Shwartz on February 6, 2013 at 10:00 A.M.   A separate order setting forth the requirements for the conference will be issued.


/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.